# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI-DADE DIVISION

CASE NO.11-CV-24090-Cooke/Turnoff

GIANCARLO CUROTTO,

      Plaintiff,

vs.

KEY PARKING SERVICES, INC. and
MICHAEL D' ALESSANDRO, individually,

      Defendants.

_____/

## DEFENDANT KEY PARKING SERVICES, INC.'S
## INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION
## OF DOCUMENTS TO PLAINTIFF

Pursuant to Fed. R. Civ. P. 33 & 34 and S.D. Fla. L.R. 26.1, Defendant, Key Parking Services, Inc., requests that Plaintiff and Ceasar Avila, with thirty (30) days after service hereof, respond under oath and in writing to the following interrogatories and produce the following documents.

### Definitions

(a)    The words "you", "yours" and/or "yourselves" means Plaintiff and his agents, representative or other persons acting, or purporting to act , on behalf of Plaintiff.

(b)    The singular shall include the plural and vice versa; the terms "and or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation."

(c)    "Date shall mean the exact date, moth and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).



(d)     The word "document" shall mean any writing, recording or photograph in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, videotapes or tape recordings.

(e)     "Agent" shall mean any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

(f)     "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

(g)     The words "pertain to" or "pertaining to" shall mean relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

(h)     The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

(i)     The term "action" shall mean the case entitled Giancarlo Curotto vs. Key Parking Services, Inc., Case No. 11-CV-24090 Cooke/Turnoff, pending in the United States District Court for the Southern District of Florida.

(j)     The word "identify," when used in reference to a document, means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (i.e., correspondence, memorandum, facsimile etc.); (2) the general subject matter of the document; (3) the date of the document; (4) the author of the document; (5) the addressee of the document; (6) the relationship of the author and addressee to each other.

## Instructions

If you object to identifying fully a document or oral communication because of a privilege, you must nevertheless provide the following information pursuant to S.D. Fla.

L.R. 26.1.G.6(b), unless divulging the information would disclose the privileged information:

(1)    The nature of the privilege claimed (including work product);

(2)    If the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

(3)    The date of the document or oral communication;

(4)    If a document: its type (correspondence, memorandum, facsimile, etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee and, if not apparent, the relationship between the author and addressee;

(5)    If an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

(6)    The general subject matter of the document or oral communication.

You are under a continuous obligation to supplement your answers to these interrogatories under the circumstances specified in Fed.R.Civ.P.26(e).

## Interrogatories

1.     For any person who has, claims to have or whom you believe may have knowledge or information pertaining to any fact alleged in the pleadings (as defined in Fed.R.Civ.P. 7(a)) filed in this action, or any fact underlying the subject matter of this action, please provide the name, address, telephone number, place of employment, job title and the specific nature and substance of the knowledge that you believe the person may have.

**RESPONSE:**

2.     Please provide the name of each person whom you may use as an expert witness at trial and state in detail the substance of the opinions to be provided by such expert witness.

**RESPONSE:**

3.      Please state each item of damage that you claim, whether as an affirmative claim or as a setoff, and include in the answer: the count or defense to which the item of damages relates; the category into which each item of damages falls, i.e., general damages, special or consequential damages (such as lost profits), interest, and any other relevant categories; the factual basis for each item of damages; and an explanation of how each item of damages was computed, including any mathematical formula used.

**RESPPONSE:**

4.      Please identify each document pertaining to any fact alleged in any pleading (as defined in Fed.R.Civ.P. 7(a)) filed in this action as well as any document which you believe supports your claims.

**RESPONSE:**

5.      List the names, business addresses, dates of employment, positions held, and rates of pay for all current and past employers, including military service and self-employment. For each, please describe the circumstances under which you left that employment.

**RESPONSE:**

6.      Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

**RESPONSE:**

7.      Identify all persons other than your attorney with whom you have discussed the matters that are the subject of this suit. For each person, identify the date(s) of the discussion(s) and the substance of the discussion(s).

**RESPONSE:**

8.      Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made that statement or statements, the name and address of each person who heard it, the date, time, place and substance of each statement.

**RESPONSE:**

9.      Identify each document, including any record, diary, calendar, appointment book or other log, which indicates the hours worked for any workweek. For each document, identify who has possession or control of the document and if it has been destroyed, identify who destroyed it, the date of the destruction, and why it was destroyed.

**RESONSE:**

10.      State the names of any and all individuals who have provided you with written or recorded statements regarding any of the facts upon which you base your claims against Key Parking Services, Inc.

**RESPONSE:**

11.     For each individual identified in Interrogatory No. 10 please provide a description or summary of the contents of the statement, and the date on which the statement was prepared.

**RESPONSE:**

12.     Identify each and every deduction from your hours worked or wages which you claim was unauthorized or non-consensual.

**RESPONSE:**

13.     Identify each and every week in which you contend you worked more than 40 hours for Defendant, Key Parking Services, Inc, where you did not receive payment for the overtime hours that you worked. For each week identified, list the number of hours that you worked each day that week, including your starting and ending time and indicate any days not worked.

**RESPONSE:**

14.     Identify each and every day that you contend that you did not take a lunch break while employed by Defendant, or was not paid for a lunch break.

**RESPONSE:**

15.     Identify by name and title any agents or representative of Defendant, Key Parking Services, Inc. to whom you reported that you allegedly did not receive the proper amount of overtime pay for any week in which you performed more than (40) hours of work. State the nature of each report, the date upon which it was made, and whether it was oral or written.

**RESPONSE:**

16.     Identify by name and title any agents or representatives of Defendant, Key Parking Services, Inc. to whom you reported that you were allegedly unable to take a lunch break, or were not paid for your lunch break.

**RESPONSE:**

17.    Please state all facts upon which you relied to show that Michael D'Alessandro is a "Statutory Employer", please state in each and every instance where you believe he acted among the person with authority to hire or fire employees, the date of the incident, the names and addresses of all persons with knowledge of those facts and the substance of knowledge held by each such person.

## Requests for Production of Documents

Defendant, Key Parking Services, Inc., by counsel and pursuant to Fed.R.Civ.P. 34, hereby requests that Plaintiff, within thirty days from the date of service, produce and make available for inspection and copying the following documents in his possession, custody or control at a place mutually agreeable to both parties.

1.      All documents identified in your answers to the interrogatories, or referred to or relied upon in answering the interrogatories served herewith.

2.      All documents that refer to, relate to, discuss or describe your employment with Defendant, Key Parking Services, Inc.

3.      All documents that refer to, relate to, discuss, describe or support your claim for damages, including "pay stubs" or any records kept of the amount paid to you while employed at Key Parking Services, Inc.

4.      All documents that refer to, relate to, discuss, describe or identify the amount of hours and/or overtime hours allegedly worked by you while employed at Key Parking Services, Inc.

5.      All documents that contain or refer to any statement, opinion or information of any person concerning the matters that are the subject of this action.

6.      All diaries, calendars, appointment books, or other logs of dates and/or events that you maintained during your employment at Key Parking Services, Inc.

7.      All records, diaries, calendars, appointment books, or other logs or documents reflecting the hours you worked in any work week during your employment at Key Parking Services, Inc.

8.      All documents relating to any communications with any one regarding the employee payment practices by Key Parking Services, Inc.

9.      Your federal and state income tax returns, if any, including all W-2 forms and other supporting documents and schedules for tax years 2011, 2010, 2009, and 2008.

10.     For any witness retained to testify as an expert on behalf of you in this action, all documents relating to the opinions to be expressed by any such expert and the basis and reasons for those opinions; the data or other information considered or relied upon by the expert in forming his or her opinions; any exhibits to be used to summarize

or support the expert's opinions; the qualifications of the expert, including all publications authored by the witness within the preceding ten years; and the compensation to be paid to the expert for his or her study or testimony.

11.     All documents describing or relating to any time for which you claim you were not provided overtime compensation by Key Parking Services, Inc.

12.     All documents received from and/or taken from Key Parking Services, Inc. premises at any time.

13.     All documents relating to any communications with anyone (except between you and your lawyers) about your employment with Key Parking Services, Inc.

14.     All documents, including letter, petitions, charges, forms, writings, statements or correspondence to of from the United States Department of Labor or any other federal, state or local government agency concerning any policies, practices or acts, of Key Parking Services, Inc., including but not limited to, the pay practices alleged in the Complaint in this action.

15.     All documents received from any third party not a defendant in this action pursuant to a subpoena that relates to, refers to, describes or discusses the subject of this action.

16.     All documents relating in any way to your employment with Key Parking Services, Inc., including but not limited to, any handbooks, policies or other correspondence that you received from or sent to Key Parking Services, Inc.

17.     All work schedules or other documents reflecting your work schedule while employed by Key Parking Services, Inc.

18.     Any and all documents that support or relate in any way to your allegation that there were days that you did not take a lunch break or were not paid for a lunch break, while employed by Key Parking Services, Inc.

19.     Any and all documents reflecting that you informed agents or managers of Key Parking Services, Inc. that there were days that you did not take a lunch break while employed by Key Parking Services, Inc.

20.     Any and all documents reflecting that you informed agents or managers of Key Parking Services, Inc. that you believed that you were not properly paid for all of the hours worked in excess of forty (40) in certain workweeks.

21.     Any and all documents related to your allegation in the Complaint that any violation of the law was willful.

22.     Any and all documents that you intend to use at any hearing or trial of this matter.

23.     Any and all documents that refer, reflect or relate to any communication between you and any other plaintiffs or potential plaintiffs in this action.

24.     All documents not produced in response to the foregoing requests that relate to, refer to, describe or discuss the matters and facts alleged in this complaint filed in this action.

25.     All documents which show that Michael D' Alessandro is a "Statutory Employer" under the Fair Labor Standards Act.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 08, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel for record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

LEVINE & PARTNERS, P.A.
ATTORNEYS FOR DEFENDANT
1110 BRICKELL AVE - STE 700
MIAMI, FLORIDA 33131
TELEPHONE NO.: (305) 372-1350
FACSIMILE NO.: (305) 372-1352
EMAIL: asr@levinelawfirm.com


BY: /s/ Allan S. Reiss, Esquire
ALLAN S. REISS, ESQUIRE
FLORIDA BAR NO:  858500

**SERVICE LIST**
Andrew Glenn, Esquire
E-mail: Andrew@floridaovertimeattorneys.com
Card & Glenn, P.A.
2501 Hollywood Blvd., Suite 100
Hollywood, Florida 33020
(954) 921-9994
(954) 921-9553 – fax
Attorneys for Plaintiff, Giancarlo Curotto
(via CM/ECF)